Richard L. ZWEIG and Muriel Bruno, Plaintiffs,

v.

The HEARST CORPORATION, etc., et al., Defendants.

Alex N. CAMPBELL, Third-Party Plaintiff,

v.

Samuel G. LAMPEL and Willard Hughes, inclusively, Third-Party Defendants.

Civ. No. 72–938–AAH.

United States District Court, C. D. California.

Feb. 17, 1976.

Philip Michael Brown and Alton I. Leib, Beverly Hills, Cal., for plaintiffs.

Knapp, Stevens, Grossman & Marsh by Wixon Stevens, Los Angeles, Cal., for defendant Alex N. Campbell.

Maurice L. Muehle, Los Angeles, Cal., for defendants H. W. Jamieson and Edward L. Oesterle.

Risley & Lindquist by Eric N. Lindquist, Los Angeles, Cal., for third-party defendant Willard Hughes.

Jack M. Peters, Garden Grove, Cal., for third-party defendant Samuel G. Lampel.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above entitled action came on regularly for trial before the Court, sitting,

without jury, on the 10th and 11th of April, 1975, and on the 20th and 23rd of October, 1975, the Honorable A. Andrew Hauk, Judge Presiding; Philip Michael Brown and Alton I. Leib appearing as counsel for Plaintiffs; Knapp, Stevens, Grossman & Marsh by Wixon Stevens appearing for Defendant Alex N. Campbell; Maurice L. Muehle appearing for Defendants H. W. Jamieson and Edward L. Oesterle; Risley and Lindquist by Eric N. Lindquist appearing for Third-party Defendant Willard Hughes; Jack M. Peters appearing for Third-party Defendant Samuel G. Lampel; and the Court having heard the testimony; having examined the evidence, both oral and documentary, introduced by plaintiffs; and having received the admissions and concessions made by plaintiffs; and having received and considered plaintiffs' offers of proof and defendant Campbell's objection thereto and ruled thereon, which procedure was proposed by plaintiffs; and after considering all of the foregoing in a light most favorable to plaintiffs, including the pleadings and pretrial order; and having granted the motion of defendant Alex N. Campbell at the conclusion of plaintiffs' presentation of evidence and offer of proof, under Rule 41(b) F.R.C.P., now makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. That defendant Alex N. Campbell is a financial columnist and reporter for the Herald-Examiner and has been employed by said Herald-Examiner (and its predecessor) as financial columnist or financial editor or both since about 1948. In 1969 he wrote five columns per week.

2. That the Los Angeles Herald-Examiner was sold in interstate commerce or by mail at all times relevant hereto.

3. Reading Guidance Center, Inc. (RGC) in 1969 was a California corporation with three shareholders, each of whom owned one-third of its stock. The shareholders were Richard L. Zweig (plaintiff herein), Muriel Bruno (plaintiff herein), and Samuel G. Lampel (third-party defendant herein).

4. In February of 1969 American Systems, Inc. (ASI) and RGC entered into a plan of reorganization. The plan of reorganization provided, among other things, that:

"American shall deliver to Reading Guidance Stockholders on the Closing Date definitive stock certificates in such authorized denominations and in such proportions among the Reading Guidance Stockholders as they shall specify in writing to American prior to the Closing Date for an aggregate number of whole shares of the common stock of American determined by dividing the sum of $1,800,000.00 by the fair value per share determined on the basis of the average of the closing bid price of American stock on the last five trading days before the Closing Date provided, however, such fair value shall not be higher than $70.00 per share or lower than $50.00 per share."

Taking into account the 15 for 1 stock split which later occurred, those figures translate to no less than $3.33 per share and no more than $4.66 per share.

5. The five-day average closing bid was $4.35 per share as calculated by E. L. Oesterle.

6. H. W. Jamieson was President of ASI in 1967 and 1968; in February or March, 1969, he resigned as President. He was chairman of ASI's Board of Directors at all times in 1968 and 1969.

7. Samuel G. Lampel was elected President and Director of ASI on March 4, 1969, positions he held through the remainder of 1969. At the time the plan of reorganization between ASI and RGC, he was President and a Director of RGC, positions he held up to and after June 4, 1969.

8. E. L. Oesterle was elected Treasurer, Vice President of Finance, and Director of ASI on November 21, 1968, positions he held through the remainder of 1968 and through 1969.

9. In late May or early June, 1969, Campbell met with H. W. Jamieson,

Chairman of the Board of Directors; Samuel G. Lampel, President; and E. L. Oesterle, Vice President and Treasurer of ASI, to conduct an interview about ASI. In addition, he received written material about ASI.

10. On or about June 2, 1969, Campbell purchased 5,000 shares of ASI stock. He paid for the shares by check payable to ASI and dated June 2, 1969. The purchase was made at the suggestion of one Hal Evvy after Campbell's column had been written but not yet submitted for publication.

11. The Campbell column about ASI was published in the Los Angeles Herald-Examiner on June 4, 1969, and contained no statement of defendant Alex N. Campbell's ownership of stock in ASI.

12. That defendant Alex N. Campbell neither knew of nor was acquainted with plaintiffs.

13. That defendant Campbell made no intentional misrepresentation of a material fact in his column of June 4, 1969.

14. That defendant Campbell reported in his column what was communicated to him in the interview with the chief executive officers of ASI and from written material prepared by ASI.

15. That on June 5, 1969, defendant Campbell sold 2,000 shares of the 5,000 shares which he had previously purchased.

16. That said sale was prompted by a request on the part of one George Earnest, a stockbroker and market maker for ASI.

17. That defendant Campbell was not planning on selling said stock.

18. That said sale was made as an accommodation to said George Earnest and also after it was pointed out that the stock had risen in price.

19. That of the remaining 3,000 shares of stock of ASI, defendant Campbell sold approximately 1,200 shares on or about March 12, 1970, and still retains 1,800 shares of said stock.

20. That defendant Campbell had no plan to cause the stock to rise and then immediately sell the same.

21. That said newspaper column of June 4, 1969, was not written "in connection with" the purchase or sale of securities by plaintiffs.

22. The fact that the newspaper column as published contained no statement as to the ownership of ASI stock by defendant Alex N. Campbell did not constitute a false statement as to a material fact or an intentional misrepresentation of a material fact or an omission of a material fact.

23. That pursuant to stipulation or concession by plaintiffs, defendant Campbell committed no fraud.

24. That defendant Alex N. Campbell exercised due care, not only in reporting facts and statements given and made to him, but also in identifying the source of his information.

That based upon the foregoing Findings of Fact, the Court now makes its:

## CONCLUSIONS OF LAW

1. That defendant Alex N. Campbell did not occupy a fiduciary relationship to plaintiffs.

2. That defendant Campbell was under no fiduciary duty to plaintiffs.

3. That defendant Campbell's duty to plaintiffs was to make no intentional misrepresentations of material facts.

4. That defendant Campbell fulfilled that duty in that he made no intentional misrepresentations of material facts in his column of June 4, 1969, and honestly reported information given him by persons he considered to be reliable sources.

5. That defendant Alex N. Campbell, as a newspaper columnist or reporter, writing a daily column, was under no duty to further investigate, but only to honestly report, the statements and representations made to him by the management of ASI, whose identities were disclosed and whose statements and representations were made during the course of an interview of short duration, under the flexible duty standard of *White v. Abrams,* 495 F.2d 724 (9th Cir. 1974).

6. That the omission of a statement in his column of June 4, 1969, as to de-

fendant Campbell's stock ownership in ASI was not an omission of a material fact which otherwise would be necessary to make the column not misleading. See *Abrams, supra.*

7. That defendant Campbell committed no acts of fraud, nor was he guilty of negligence by reason of either acts of commission or of omission. *Abrams, supra.*

8. That defendant Campbell has not violated Section 78j(b)–15 U.S.C. of the Securities Exchange Act of 1934, or Rule 10b–5 promulgated thereunder (17 C.F.R. 240.10b–5).

9. That defendant Alex N. Campbell have Judgment against plaintiffs, and each of them, as to all Counts of their Complaint and for his costs which are hereby fixed in the amount of $____.